## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **CHAPTER 7** |
| **SUNDARI KARMA PRASAD** | ) | |
| | ) | **23-33829-KRH** |
| Debtor. | ) | |
| | ) | |
| **CAPITAL COMMUNITY BANK** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Adv. Case No. _____** |
| v. | ) | |
| | ) | |
| **SUNDARI KARMA PRASAD** | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBT

Capital Community Bank, whose loans are serviced by Wheels Financial Group, LLC ("Plaintiff"), through undersigned counsel and pursuant to 11 U.S.C. § 523(a) and Rules 4004 and 7001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), files this *Complaint to Determine the Dischargeability of Debt* ("Complaint") seeking entry of an order declaring that Debtor's debt owed to Plaintiff is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(4) and 523(a)(6). In support, Plaintiff states as follows:

### Preliminary Statement

1. This Complaint seeks a determination that the debt owing to Plaintiff by Sundari Karma Prasad ("Debtor" or "Defendant") is non-dischargeable based upon 11 U.S.C. §§ 523(a)(4) and 523(a)(6).

Sara A. John, VSB #48425
M. Richard Epps, P.C.
605 Lynnhaven Parkway
Virginia Beach, VA 23452
757-498-9600
sara_john@eppspc.com
Counsel for Plaintiff

2. Debtor has never made any payments to Plaintiff. The collateral securing Plaintiff's loan was totaled and Debtor converted the insurance proceeds for herself.

## Jurisdiction and Venue

3. This adversary is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(i). The Court has jurisdiction over this adversary pursuant to 28 U.S.C. § 1334.

4. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Parties

5. Debtor is an individual who resides in the city of Midlothian, Virginia.

6. Upon information and belief, Debtor is single with no dependents.

7. On November 3, 2023, ("Petition Date") Debtor commenced the above-captioned case in the U.S. Bankruptcy Court for the Eastern District of Virginia ("Court") by filing a voluntary petition under Chapter 7 of Title 11 of the United States Code.

8. Plaintiff is a national bank with its mailing address located at servicing agent's location at 15400 Sherman Way, Suite 300, Van Nuys, California.

9. Plaintiff provides a variety of financial services including offering secured consumer loans and loan servicing.

## Facts

10. On or about August 21, 2023, Plaintiff and Defendant entered into an Installment Loan and Security Agreement ("Loan Agreement"), a copy of which is attached hereto as Exhibit "A", pursuant to which Plaintiff loaned to Defendant the sum of $4,006.00 to be repaid over 36 months.

11. Pursuant to the terms of the Loan Agreement, Defendant agreed to grant Plaintiff a first lien security interest in a 2022 Nissan Versa 4DR-S, VIN 3N1CN8DV3NL860264

("<u>Vehicle</u>") by providing an original copy of the title to the Vehicle and to complete whatever additional documents were necessary to complete Plaintiff's lien on the Vehicle.

12. Defendant provided to Plaintiff a Virginia Certificate of Title to the Vehicle free of any liens dated August 18, 2023, and an Application for Transfer and Supplemental Liens, copies of which are attached hereto as Exhibits "B" and "C", respectively.

13. On August 21, 2023, Plaintiff's lien was recorded on the title to the Vehicle. A copy of the Electronic Lien is attached hereto as Exhibit "D."

14. On or about September 23, 2023, the Vehicle was totaled. Defendant made a claim to her insurance company, Progressive Insurance. At the request of Progressive Insurance, Defendant provided it with a copy of the Certificate of Title to the Vehicle dated August 18, 2023, endorsed by Defendant on September 27, 2023. No liens were listed on the copy of the Certificate of Title supplied to Progressive Insurance.

15. On September 27, 2023, Progressive Insurance paid to Defendant $19,937.79. Less than 90 days after the date of the Loan Agreement, Defendant had received insurance and loan proceeds of $23,943.79 and yet had not made a single payment to Plaintiff and shows only $1,131.00 in her checking account as of the Petition Date of the bankruptcy.

16. The current outstanding balance due under the Loan Agreement is $6,005.87 consisting of $4,205.55 in principal, $1,680.32 in interest, and $120.00 in late fees.

**COUNT I – 11 U.S.C. § 523(a)(6): Willful and Malicious Injury**

17. Plaintiff incorporates by reference, as though fully restated, the allegations set forth in paragraph numbers 1 through 16 of this Complaint.

18. Defendant's actions have deprived Plaintiff of its collateral.

19. Upon information and belief, Defendant knowingly and willfully misrepresented to Progressive Insurance the status of the title to the Vehicle. The Loan Agreement and state law provide that as lien holder of the Vehicle, Plaintiff has the first right to insurance proceeds.

20. Defendant's conversion of the insurance proceeds was intended to thwart Plaintiff's efforts to enforce its rights in the collateral.

21. Defendant's intentional actions, which were without justification, and which caused the Vehicle to be converted, were willful and malicious.

22. Plaintiff did not have knowledge of, nor consent to, Defendant's actions.

23. Defendant caused a willful and malicious injury to Plaintiff.

24. Therefore, the debt due Plaintiff is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

## COUNT II – 11 U.S.C. § 523(a)(4): Larceny

25. Plaintiff incorporates by reference, as though fully restated, the allegations set forth in paragraph numbers 1 through 24 of this Complaint.

26. Pursuant to Code of Virginia § 18.2-115:

> Whenever any person is in possession of any personal property, including motor vehicles or farm products, in any capacity, the title or ownership of which he has agreed in writing shall be or remain in another, or on which he has given a lien, and such person so in possession shall fraudulently sell, pledge, pawn or remove such property from the premises where it has been agreed that it shall remain, and refuse to disclose the location thereof, or otherwise dispose of the property or fraudulently remove the same from the Commonwealth, without the written consent of the owner or lienor or the person in whom the title is, or, if such writing be a deed of trust, without the written consent of the trustee or beneficiary in such deed of trust, he shall be deemed guilty of the larceny thereof.

27. Defendant's conversion of the insurance proceeds is larceny under Code of Virginia § 18.2-115.

28. Therefore, the debt due Plaintiff is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).

## **Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. On Count I, award judgment to Plaintiff and declare the debt owed Plaintiff excepted from discharge pursuant to 11 U.S.C. § 523(a)(6);

B. On Count II, award judgment to Plaintiff and declare the debt owed Plaintiff excepted from discharge pursuant to 11 U.S.C. § 523(a)(4); and

C. Award Plaintiff its attorney's fees and costs incurred in this Adversary Proceeding and such other and further relief as this case may require and the Court deems just and proper.

Dated February 5, 2024                                    Respectfully submitted,

 /s/ Sara A. John
**M. RICHARD EPPS, P.C.**
Sara John, VSB No. 48425
605 Lynnhaven Parkway
Virginia Beach, VA 23452
Telephone: 757-498-9600
sara_john@eppspc.com
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 5, 2024, the foregoing was filed electronically with the U.S. Bankruptcy Court and was served electronically on the following parties:

Joshua A. Moger
P.O. Box 1158
Richmond, VA 23230
*COUNSEL FOR DEBTOR*

Jennifer J. West
411 East Franklin St.
Suite 600
Richmond, VA 23219
*Chapter 7 Trustee.*

             /s/ Sara A. John
             Sara A. John
             M. Richard Epps, P.C.